UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN VANDELINDER,

    Plaintiff,

v.

CASE NO. 08-CV-11584
HONORABLE DENISE PAGE HOOD

KENDALL SNOW, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

Before the Court is Steven Vandelinder's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Steven Vandelinder ("Plaintiff") is a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan. At the time of the events giving rise to the complaint, Plaintiff was confined at the Southern Michigan Correctional Facility in Jackson, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Defendants are Michigan Department of Corrections ("MDOC") employees identified as Classification Director Kendall Snow, Corrections Program Coordinator Phil Kintworth, Acting Assistant Deputy Warden David M. Leach, Warden Sherry Burt, and Grievance Coordinator L. McMillan.

In his complaint, Plaintiff alleges that defendant Snow improperly denied him a prison work assignment and spread false information to the prison population which exposed him to threats of harm and caused him stress and heart problems. Plaintiff further alleges that the other defendants failed to properly respond to his grievances and remedy the situation. Plaintiff sues

1

the defendants in their official capacities seeking monetary damages and injunctive relief. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and on the basis of immunity.

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

III.

A. Work Assignment

Plaintiff alleges that defendant Snow improperly denied him a prison work assignment in violation of his constitutional rights. It is well-established, however, that a state prisoner has no constitutionally-protected property or liberty interest in having a prison job or being assigned to a particular work detail. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 429 (6th Cir. 2003); *Seals v. Caruso*, 42 F.3d 1389, 1994 WL 567587, *2 (6th Cir. 1994). While the MDOC operates work programs for prisoners, state law and policy do not create a constitutionally protected liberty or property interest in such employment. *See Seals, supra*; *see also* MDOC Policy Directives 05.01.100, 05.02.110; MSI Operating and Work Rule Manual. It is also well-established that a prisoner has no constitutional liberty interest in any particular security classification or prison placement while incarcerated, *see Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468-69 (1983), and that Michigan law also does not create an expectation of entitlement to a particular security classification. *See Hewitt*, 459 U.S. at 469; *Harbin-Bey v. Ritter*, 420 F.3d 571, 577 (6th Cir. 2005). To the extent that Plaintiff asserts that defendant Snow (or any other defendant) failed to comply with the MDOC's policies or procedures in handling his work assignment or classification issues, he fails to state a claim upon which relief may be granted under § 1983 and such claims must be dismissed.

B. Cruel and Unusual Punishment

Plaintiff relatedly asserts that defendant Snow subjected him to cruel and unusual punishment in denying him the work assignment by informing a prisoner clerk that Plaintiff was incarcerated for the "rape of his wife" based upon a presentence report. Plaintiff alleges that the dissemination of such information caused him to be taunted and threatened by fellow inmates. A prisoner may state an Eighth Amendment claim under §1983 where prison officials encourage or

3

fail to protect the prisoner from assault by another prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Plaintiff does not allege facts which indicate that any prisoners physically assaulted him or that prison officials failed to protect him from harm. Conclusory allegations are insufficient to state a civil rights claim under § 1983 – some factual basis for the claims must be set forth in the pleadings. *See Jackson v. Madery*, 158 Fed. Appx. 656, 659 (6th Cir. 2005); *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Plaintiff merely asserts that he was subject to verbal harassment. It is well-established, however, that allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Plaintiff's claims of verbal harassment and threats do not state a § 1983 claim and must therefore be dismissed.

Additionally, to state a claim under § 1983, a plaintiff must allege that the deprivation of his rights was intentional. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992). Plaintiff has not set forth facts indicating that defendant Snow's conduct (or any other defendants' conduct) was meant to cause harm or was otherwise intentional in the constitutional sense. He has thus failed to state a claim for relief under § 1983.

Plaintiff relatedly seems to contend that defendant Snow defamed him. This claim does not rise to the level of a constitutional violation. A claim of defamation, without a showing of a deprivation of federal constitutional or statutory rights, is not actionable under § 1983. *See Paul*

*v. Davis*, 424 U.S. 693, 706 (1976). Accordingly, any such claims must be dismissed.[1]

## C. Grievances

Plaintiff asserts that defendants Klintworth, Leach, Burt and McMillan failed to properly process and/or respond to his grievances concerning the actions of defendant Snow. It is well-established, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (§ 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Klintworth, Leach, Burt and McMillan. The mere fact that those defendants allegedly failed to properly investigate or respond to Plaintiff's grievances is insufficient to state a claim upon which relief may be granted under § 1983.

## D. Equal Protection

Plaintiff also asserts that defendant McMillan violated his rights under the Equal Protection Clause of the United States Constitution. The linchpin of an equal protection claim is that the government has treated people who are similarly situated in a different manner. *See Bannum, Inc. v. City of Louisville*, 958 F.2d 1354, 1359-60 (6th Cir. 1992). Plaintiff alleges, in conclusory terms, that the defendant's conduct has denied him equal protection, but does not

---

[1] Plaintiff admits that defendant Snow relied upon a presentence report (which indicated that Plaintiff sexually assaulted his wife in 1989) in denying him the disputed work assignment. Plaintiff has not shown that such information is false. Plaintiff was convicted of solicitation to murder, kidnap, and commit first-degree criminal sexual conduct of his wife. In affirming those convictions, the Michigan Court of Appeal upheld the admission of evidence which showed that Petitioner had previously sexually assaulted and threatened to kill his wife. *See People v. Vandelinder*, 192 Mich. App. 447, 454, 481 N.W.2d 787 (1992).

provide any factual support for this claim. Plaintiff fails to indicate with any specificity how he has been treated differently from others who are similarly situated. As noted, conclusory allegations are insufficient to state a civil rights claim. *See Jackson*, 158 Fed. Appx. at 659; *see also Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986). Furthermore, prisoners are not members of a protected class for equal protection purposes. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff's bare allegation that his equal protection rights have been violated fails to state a claim under §1983.

### E. Access to the Courts

Plaintiff also alleges that defendant McMillan violated his constitutional right of access to the courts by not processing his grievances "without his superior telling him to do so." Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996). However, that right of access is not unlimited. It encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Plaintiff has not been denied such an opportunity. The record reveals that he was able to complete the grievance process and file the present lawsuit. Plaintiff has thus failed to state a claim upon which relief may be granted as to this issue.

### F. Eleventh Amendment Immunity

Lastly, Plaintiff's claims for damages against the defendants, whom he has sued in their official capacities, are also subject to dismissal on the basis of immunity. The Eleventh Amendment provides immunity to a state and its agencies from suit in federal court unless the state expressly waives immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *See Welch v. Texas Dep't. of*

*Highways and Public Transp.*, 483 U.S. 468, 472-74 (1987). As Congress did not abrogate the Eleventh Amendment when enacting § 1983, neither a state, a state agency, nor a state official sued in his official capacity is a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989). "[A] suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 318 (1990) (internal brackets omitted). This bar against suit also extends to state officials acting in their official capacities." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citations omitted). Plaintiff's claim for monetary damages against the defendants in their official capacities must therefore be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted under 42 U.S.C. § 1983 and that the defendants, sued in their official capacities, are immune from suit on his claims for monetary damages. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    **IT IS SO ORDERED.**

                                            S/Denise Page Hood
                                            Denise Page Hood
                                            United States District Judge

Dated: July 31, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2008, by electronic and/or ordinary mail.

                                            S/William F. Lewis
                                            Case Manager